UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY SOWELL, and D.D.S.S., <br><br> Plaintiffs, <br><br> -against- <br><br> NYSDOCCS ANTHONY J. ANNUCCI, et al., <br><br> Defendants. | 22-CV-6538 (LTS) <br><br> ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Randy Sowell, who is currently incarcerated at the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983, on behalf of himself and his minor daughter, alleging that Defendants violated his rights. By order dated August 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's Prisoner Complaint form, and names as defendants the Commissioner of New York City Police Department (NYPD); Anthony J. Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS); Cynthia Brann, the former Commissioner of the New York

2

City Department of Correction (DOC);[2] Phil Murphy, The Governor of New Jersey; Letitia

James, the Attorney General of New York; Parole Officer (P.O.) Stephanie Simon; Senior Parole

Officer (S.P.O.) Hubert Brown; Elizabeth Hayden and Sharon Lynch, whom he does not identify;

and the Legal Aid Society. Plaintiff alleges that Defendants violated his rights by refusing to

discharge him from parole and by housing him with a prisoner who had an order of protection

against him.

Plaintiff provides the following allegations as his statement of claim on the form

complaint. In September 2019, Plaintiff was arrested at the Cape May County courthouse in New

Jersey pursuant to a parole warrant. New Jersey then issued a separate warrant against him

"while [he] was committed to Rikers Island on said parole warrant for 90 days because [he had]

missed the court date which New Jersey [had] failed to transport him to." (ECF 2, at 4.)[3] Plaintiff

was released from custody to post release supervision in December 2019, and he notified P.O.

Simon and S.P.O. Brown of the pending New Jersey warrant for which he had missed a court

date because he was confined at Rikers Island. He asked the parole officer "if they were going to

violate [him] to resolve the criminal New Jersey matter," but they told him "not to worry about it

because [he] couldn't leave the five boroughs due to restrictions of [his] post release

supervision." (*Id*.) Plaintiff asserts that, "as a result of this[,] [he has] been sitting at Rikers Island

since [his] release dates December 24, 2020 and June 15, 2022, and March 2022 and August

2021." (*Id*. at 4-5.) Plaintiff claims that "NYSDOCCS [has] refused to discharge [him] from

parole in accordance with the state law Less is More Act," and has "forced [him] to reside with a

_____

[2] The Court notes that Louis Molina is the current DOC Commissioner. He became
Commissioner effective January 1, 2022, and would have been the Commissioner during some
of the dates Plaintiff asserts that he was detained at Rikers Island.

[3] The Court quotes from the complaint verbatim. Unless otherwise indicated, all
grammar, spelling, punctuation, and emphasis are as in the original.

victim in [his] case [Jonathan Luna] who [he] had a court order of protection to stay away from." (*Id*. at 5.)

Plaintiff alleges that, while detained at multiple DOC facilities, he has been assaulted and has suffered "pycological trauma, mental breakdown, pain and anguish, [and] violations to [his] constitutional rights." (*Id*.) He also claims that he has been separated from his daughter, D.D.S.S. Plaintiff brings this action seeking money damages.

According to public records maintained by the New York State Unified Court System, the NYPD arrested Plaintiff on May 19, 2022, on criminal mischief and trespass charges that are pending in the New York Supreme Court, New York County. *See People v. Sowell*, No. IND-73005-22 (Sup. Ct. N.Y. Cnty.). Plaintiff also has another criminal matter in state court on which the charges are not specified. *See People v. Sowell*, No. SCR-74841-22 (Sup. Ct. N.Y. Cnty.). According to those same records, Plaintiff's next court date for both cases is February 9, 2023.

## DISCUSSION

Plaintiff's complaint does not satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief, as is required by Rule 8, or include any facts suggesting that any defendant violated his rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff essentially asserts that Defendants unlawfully harmed him but, because it is unclear from the facts alleged how the defendants violated his rights, he fails to state a claim for relief.

Even if the Court could understand the claims Plaintiff attempts to assert, the complaint suffers from other deficiencies. Plaintiff seeks to bring claims on behalf of his minor daughter, D.D.S.S., and names a number of defendants who either cannot be sued or against whom he fails to assert a claim for relief. As discussed below, the Court (1) restricts public access to the

4

complaint; (2) dismisses, without prejudice, the claims on behalf of D.D.S.S.; (3) grants Plaintiff

leave to amend the complaint to assert a cognizable claim for relief; and (4) dismisses some of

the named defendants from this action.

## A.    Federal Rule of Civil Procedure 5.2(a)(3)

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions

referring to a minor must only include the minor's initials. Plaintiff has included the full name of

his minor daughter in the complaint. The Court therefore directs the Clerk of Court to: (1)

remove all references to the minor child's full name on the docket of this action; (2) list the child

on the docket as "D.D.S.S."; and (3) limit electronic access to the complaint (ECF 2) with the

child's full name to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3)

when submitting any documents in the future.

## B.    Claims on behalf of D.D.S.S.

The Court must dismiss any claims Plaintiff is seeking to assert on behalf of D.D.S.S.

The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of

representation: "that by an attorney admitted to the practice of law by a governmental regulatory

body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d

Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A

nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth

Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); s*ee Tindall v. Poultney High

Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in

this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on

behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be

fully protected" and nonlawyer parents are not trained to represent competently the interests of

their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue

*sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009); *Fauconier v. Comm. on Special Educ.*, ECF 1:02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61).

Because Plaintiff is not an attorney, he cannot assert any claims on behalf of other individuals, including his daughter. The Court therefore dismisses without prejudice any claims that Plaintiff is asserting on behalf of D.D.S.S.

**C.     Claims under Section 1983**

Plaintiff's claims that Defendants violated his federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As stated above, Plaintiff has not provided a plain statement of his claim as required by Rule 8. Nevertheless, the Court will first address the merits of Plaintiff's potential claims, as required by *Harris* and *Triestman,* to determine whether he can state a claim under Section 1983 for relief. *Harris*, 572 F.3d at 72; *Triestman*, 470 F.3d at 474.

**1.     Plaintiff's potential claims**

*a.     Prolonged detention claim*

Plaintiff brings this action seeking damages stemming from his continued detention at Rikers Island. He asserts that he has "been sitting on Rikers Island since [his] release dates December 24, 2020 and June 15, 2022, and March 2022 and August 2021."[4] (ECF 2, at 4-5.)

_____

[4] There appears to be some discrepancies between Plaintiff's assertions and public records. As noted above, according to the records of the New York State Unified Court System,

Plaintiff appears to attribute his detention past these dates to the New Jersey warrant and DOCCS's refusal to discharge him from parole under the Less is More Act.[5] The Court first considers whether Plaintiff is attempting to assert a claim that he was held in custody at Rikers Island beyond his mandated release date(s) in violation of the Eighth Amendment.

The Eighth Amendment prohibits "'the unnecessary and wanton infliction of pain,' including punishments that are 'totally without penological justification.'" *Hurd v. Fredenburgh*, 984 F.3d 1075, 1085 (2d Cir. 2021) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "'A plaintiff asserting an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 must meet two requirements. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the charged official must act with a sufficiently culpable state of mind.'" *Id*. at 1084 (quoting *Francis v. Fiacco*, 942 F.3d 126, 130 (2d Cir. 2019)). To meet the first requirement, "a plaintiff must plead 'a harm of a magnitude that violates a person's eighth amendment rights.'" *Id*. (quoting *Calhoun v. N.Y.S. Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993)). As to the second element, a plaintiff must show "'a state of mind that is the equivalent of criminal recklessness.'" *Id*. (quoting *Francis*, 942 F.3d at 130). Liability attaches only when officials

---

the NYPD arrested Plaintiff on May 19, 2022, on criminal mischief and trespass charges. The incident giving rise to that arrest occurred on May 10, 2022. *See People v. Sowell*, No. IND-73005-22 (Sup. Ct. N.Y. Cnty.). Further, the DOC inmate lookup service indicates that Plaintiff is currently in custody pursuant to the May 19, 2022, arrest. *See* DOC, Inmate Lookup, Randy Sowell, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home. These records suggest that Plaintiff must have been out of detention by May 10, 2022, the date the incident giving rise to that arrest occurred, at the latest. Yet, Plaintiff indicates that he should have been released from custody on June 15, 2022 (ECF 2, at 5), a date that encompasses his current custody on the pending charges.

[5] New York's Less Is More Act, which was signed into law in September 2021, "restrict[s] the use of incarceration for non-criminal technical parole violations, bolster[s] due process in parole hearings, require[s] parole hearings to take place within a specified time, and provide[s] earned time credit for parole." Senate Bill S1144A, 2021-2022 New York State Legislative Session (2021), https://www.nysenate.gov/legislation/bills/2021/S1144. The Act went into effect in March 2022.

engage in a "'deliberate infliction of punishment, and not an ordinary lack of care for prisoner interests or safety[.]'" *Id*. (quoting *Francis*, 942 F.3d at 130).

The Second Circuit has concluded that "[t]here is no penological justification for incarceration beyond a mandatory release date because 'any deterrent and retributive purposes served by [the inmate's] time in jail were fulfilled as of that date.'" *Id*. (quoting *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)). The Second Circuit has stated that, "[n]ext to bodily security, freedom of choice and movement has the highest place in the spectrum of values recognized by our Constitution," and "freedom from unlawful restraint is a right so core to our understanding of liberty that suffering even one day of unlawful detention is a harm recognized by the Constitution." *Id*. n. 4 (citations and internal quotation marks omitted). Thus, a plaintiff who could show that prison officials held him, with deliberate indifference to his right to be released, could state an Eighth Amendment claim.

Plaintiff has not, however, alleged facts sufficient to state a claim that he was held beyond his mandated release date, or that any defendant acted with a sufficiently culpable state of mind. Plaintiff asserts only that DOCCS refused to discharge him from parole under the Less is More Act, and he suggests that the pending New Jersey warrant had something to do with his continued detention. It is not clear from Plaintiff's allegations when he was detained at Rikers Island or the amount of time he spent in custody. Plaintiff's assertions suggest that, after his September 2019, arrest in New Jersey, he was transported to Rikers Island where he remained detained until December 2019, when he was released to post release supervision. Plaintiff then indicates that he was again detained at Rikers Island, but he alleges no facts concerning when he was reincarcerated, the reasons for the reincarceration, or when he was released, only providing a string of dates on which he claimed he should have been released.

In addition, Plaintiff does not allege any facts concerning his eligibility for the Less is More Act, such as why he was entitled to be released under the Act. Because Plaintiff's allegations do not suggest that he was subjected to more prison time than he otherwise would have served, or that any defendant acted with "a sufficiently culpable state of mind" to violate his rights, *Hurd*, 984 F.3d at 1084, he fails to state a claim under the Eighth Amendment.

Because an over-detention, under Second Circuit law, "qualifies as a harm of constitutional magnitude" in violation of the Eighth Amendment, *see Hurd*, 984 F.3d at 1085, the Court grants Plaintiff leave to amend this claim to provide more facts indicating that he was subjected to additional days of detention when he was entitled to immediate release under New York law. Plaintiff must provide specific facts about the dates of his incarceration, the date he should have been released, and the reasons he was entitled to be released.[6] Plaintiff must also name as defendants the individuals who were responsible for his unlawful continued detention, and allege facts showing that they acted with deliberate indifference.[7]

---

[6] Plaintiff must clear up the discrepancies concerning the dates on which he was in custody.

[7] Plaintiff should note that, although he may proceed with a prolonged detention claim under Section 1983, that the statute is not an appropriate vehicle to challenge the validity of a prisoner's continued confinement or seek immediate release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254).

If Plaintiff has not been held beyond a mandated release date, and instead is seeking to challenge the validity or the length of his current confinement by DOCCS or DOC, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after first exhausting his available state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

b.    *False imprisonment claim*

Rather than asserting a claim that he was held beyond his mandated release date, Plaintiff may be attempting to allege that the only reason he was not released from his confinement at Rikers Island was the pending New Jersey warrant lodged against him. It is not clear from his assertions, whether he is claiming that there was something wrongful or insufficient about the New Jersey warrant or that parole officials prevented him from responding to the warrant and that there was no other basis to hold him. The Court examines whether Plaintiff has alleged facts suggesting a false imprisonment claim.

A claim for false arrest or imprisonment under Section 1983 incorporates the elements of that claim under state law.[8] *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest or imprisonment claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest or confinement is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

In addition, because a parolee is "subject to restrictions not applicable to other citizens," and "enjoys only conditional liberty properly dependent on observance of special parole

---

[8] False imprisonment and false arrest are synonymous. "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

restrictions," *Trisvan v. Annucci*, No. 14-CV-6016, 2016 WL 7335609, at *3 (E.D.N.Y. Dec. 16, 2016) (citations and internal quotation marks omitted), when a parolee is involved, "the lower 'reasonable cause' standard" is applied to his arrest and confinement, *Gathers v. White*, No. 04-CV-5454, 2007 WL 446755, at *4 (E.D.N.Y. Feb. 8, 2007), *aff'd sub nom. Gathers v. Burdick*, 308 F. App'x 525 (2d Cir. 2009) (summary order); *see Alvarado v. City of New York*, 482 F. Supp. 2d 332, 337 (S.D.N.Y. 2007). Under New York's parole regulations, if a parole officer have reasonable cause to believe that a parolee has committed a crime or violated the conditions of his parole, a warrant may be issued for the parolee temporary detention. N.Y. Comp. Codes R. & Regs. (N.Y.C.R.R.) tit. 9 § 8004.2(c).[9] A parolee's arrest and confinement based on a parole warrant supported by reasonable cause is privileged even if the parole warrant is later declared invalid. *See Albergottie v. New York City*, ECF 1:08-CV-8331, 42, 2011 WL 519296, at *8 (S.D.N.Y. Feb. 15, 2011); *see generally Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007) (holding that an arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment).

Plaintiff has not alleged facts suggesting that correction officials lacked probable or reasonable cause for his continued detention at Rikers Island. Although he brings up the New Jersey warrant, Plaintiff asserts that he was initially detained at Rikers Island based on a parole violation warrant from DOCCS. Further, it is unclear on what basis he was subsequently

---

[9] 9 N.Y.C.R.R. § 8004.2(c) provides that:

A warrant for retaking and temporary detention may issue when there is a reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect. Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a release has committed the acts in question or has lapsed into criminal ways or company.

reincarcerated and detained. If Plaintiff is seeking to bring a false imprisonment claim based on the New Jersey warrant, he must allege facts suggesting that the warrant was deficient in some way, he was confined without probable cause, and there was no other basis to hold him in custody at the time he asserts that he was unlawfully incarcerated. Plaintiff must also name as a defendant any individual who was involved in or responsible for his false imprisonment.

### 2.      Lack of personal involvement

In an action under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff fails to allege facts suggesting that some of the named defendants were personally involved in the alleged violations sufficiently to state a claim for relief. Plaintiff does not allege any facts describing how DOCCS Acting Commissioner Annucci, the NYPD Commissioner, former DOC Commissioner Cynthia Brann, Governor Murphy, Attorney General James, Sharon Lynch, and Elizabeth Hayden were personally involved in the events underlying his claims. Plaintiff fails to provide any identifying information for Lynch and Hayden and only references two of the named defendants in the body of the complaint – Parole Officer Simon and

Senior Parole Officer Brown. The Court therefore dismisses Plaintiff's claims against Annucci, the NYPD Commissioner, Brann, Murphy, James, Lynch, and Hayden for failure to state a claim on which relief may be granted.[10] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

###    3.    Eleventh Amendment immunity

Even if Plaintiff had asserted personal involvement by defendants Annucci, Murphy and James in the alleged violations, his claims against these defendants in their official capacities would still have to be dismissed under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). New York and New Jersey have not waived their Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

---

[10] Because Plaintiff does not provide any information about Lynch and Hayden, it is unclear whether these defendants are private parties who do not work for any state or another government body. If they are private parties, as discussed below, they are not subject to liability under Section 1983.

Further, Plaintiff should note that venue is not appropriate in the Southern District of New York for alleged violations of his rights in New Jersey or by New Jersey officials. *See* 28 U.S.C. § 1391(b). Such claims should be brought in the United States District Court for the District of New Jersey, where venue would be proper. *See* 28 U.S.C. § 110.

Though he does not specifically refer to them in his complaint, it appears that Plaintiff brings Section 1983 claims for money damages against Acting DOCCS Commissioner Annucci, Governor Murphy, and Attorney General James in their official capacities. His claims against these defendants are therefore barred under the Eleventh Amendment. *See Huang v. Johnson*, 261 F.3d 65, 69-70 (2d Cir. 2001) (holding that the Eleventh Amendment extends immunity to state officials sued in their official capacities, where the state is the "real, substantial party in interest.").

### 4.    Parole officers' immunity

Plaintiff also brings official capacity claims against P.O. Simon and S.P.O. Brown for their apparent involvement in his continued detention at Rikers Island. He alleges that he informed the two parole officers of the pending New Jersey warrant and they told him "not to worry about" parole violation charges stemming from the warrant. Plaintiff then asserts that the pending warrant and DOCCS' decision not to discharge his parole under the Less is More Act led to his continued detention at Rikers Island.

Generally, state officials, such as parole officers, have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998). However, when they perform acts that are "administrative or investigatory in nature," they only have qualified immunity, meaning that they are shielded from liability only insofar as their conduct does not violate "clearly established constitutional norms of which an objectively reasonable person should have been aware." *Id.* at 110-13. Therefore, parole officers receive absolute immunity for their decisions to "grant, deny, or revoke parole," which are judicial tasks, as well as for their actions in "initiating parole revocation proceedings" and "presenting the case for revocation to hearing officers," which are prosecutorial acts. *Id.* at 111-12. They are only

entitled to qualified immunity, however, for preparing violation reports and recommending arrest warrants. *Id*. at 112.

Here, it is unclear whether Simon and Brown are entitled to absolute immunity from any claims asserted against them or are suable but potentially protected by qualified immunity, because Plaintiff does not provide sufficient facts about what either defendant did that led to his continued detention at Rikers Island. He has not stated a claim upon which relief may be granted against either defendant.

However, if Simon and Brown were involved in an alleged violation of Plaintiff's clearly established rights and Plaintiff chooses to amend his complaint to plead such facts, he may again name them as defendants. Should Plaintiff amend his complaint, he must plead facts clarifying his claim that P.O. Simon and S.P.O. Brown were personally involved in holding him beyond his state-mandated release date without any basis for doing so or falsely imprisoned him based on the New Jersey warrant.

### 5.    Private defendants

Plaintiff's claims against the Legal Aid Society or any other private defendant he seeks to sue must be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Because Defendant Legal Aid Society is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim upon which relief can be granted against this defendant under Section 1983. Nor has he alleged facts indicating that he can sustain a Section 1983 claim against any other private party defendant.

### 6.    Municipality liability

Although Plaintiff fails to allege the personal involvement of the NYPD Commissioner or former DOC Commissioner Brann in the alleged violations of his rights, his official-capacity claims against these defendants may be construed as claims against the City of New York. *See, e.g.*, *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("A § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."). A municipality or other local government may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson,* 63 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)). A municipal organization is subject to liability where its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). In other words, to state a Section 1983 claim against a

municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to plead facts suggesting that the City of New York implemented a policy or adopted a custom or practice that caused the violation of his rights. He does not allege any facts suggesting that, in furtherance of a policy, custom, or practice, he was held in custody beyond his mandated release date, falsely imprisoned, or that DOC's failure to have a system in place that honors orders of protection violated his rights in some way.[11] The Court, however, grants Plaintiff leave to plead in the amended complaint a municipal liability claim against the

---

[11] Although Plaintiff alleges that he was confined at Rikers Island, a DOC facility, he refers to DOCCS violating his rights. It appears that Plaintiff may be alleging that Jonathan Luna had an order of protection against Plaintiff, but it is unclear whether Plaintiff is attempting to assert that, by confining Plaintiff with Luna, DOCCS subjected him to conditions that posed an unreasonable risk of serious harm or that DOCCS forced him to violate the order of protection, which could possibly create legal exposure to further prosecution for Plaintiff. Should Plaintiff amend his complaint, he must specify the claims he seeks to bring with respect to the order of protection.

If Plaintiff's claim is premised on DOC's failure to have a system in place that honors orders of protection, he must allege facts suggesting that, in furtherance of a policy, custom, or practice, the City of New York subjected him to conditions that posed an unreasonable risk of serious harm because of DOC's failure to honor the order of protection.

If Plaintiff is attempting to bring a failure to protect or unlawful exposure to harm claim against DOCCS personnel, he must name as defendants the correction officials involved and allege facts suggesting that the correction officials recklessly failed to act with reasonable care by placing him in the same housing area as Mr. Luna. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 30-35 (2d Cir. 2017). Plaintiff must also allege what harmed he suffered as a result of the correction officials' deliberate indifference to an unreasonable risk of harm to him.

City of New York. He must allege facts suggesting a constitutional violation, and that a New York City policy, custom, or practice caused the alleged deprivation.[12]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of prolonged detention beyond his mandated release date or false imprisonment, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims in a manner consistent with the legal principles explained above. Plaintiff may not replead his official-capacity claims against Defendants Annucci, Murphy, and James because they are barred under the Eleventh Amendment.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[13] and in the statement of claim those

---

[12] In the injuries section of the complaint form, Plaintiff asserts that he has been subjected to assaults while he was confined at multiple DOC facilities. He does not, however, provide any factual details about the alleged assaults, including when they occurred or if they had anything to do with the claims he asserts in this action or the defendants he sues. If the alleged assaults are not related to the claims stated in this complaint, Plaintiff can submit a separate new complaint detailing his assault claims. He must name, as defendants in the new complaint, the persons who violated his federally protected rights and state how, when, and where such violations occurred.

[13] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[14]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

---

to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[14] The naming of John Doe defendants does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Because Plaintiff's complaint (ECF 2) includes a minor child's full name, the Clerk of Court is directed to: (1) remove all references to the minor child's full name on the docket of this action; (2) list the child on the docket as "D.D.S.S."; and (3) limit electronic access to the complaint (ECF 2) to a "case-participant only" basis. The Court dismisses without prejudice all claims asserted on behalf of D.D.S.S.

The Court also dismisses Plaintiff's official-capacity claims against DOCCS Acting Commissioner Annucci, Governor Murphy, and Attorney General James as barred under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-6538 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 13, 2023
          New York, New York

                                    /s/ Laura Taylor Swain
                                    _____
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
  ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for
prisoners challenging the constitutionality of their conditions of confinement; those claims are
often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a
"*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                     Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name
you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency
and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                  State                         Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

**VI.    RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____