IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

RANDY SOWELL,

    Plaintiff

v.

UNITED STATES, et al.,

    Defendants

Civil No. 23-3532 (RMB-MJS)

OPINION

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the prisoner civil rights complaint filed by *Pro Se* Plaintiff Randy Sowell, for claims which were severed and transferred from an amended complaint filed in the United States District Court, Southern District of New York. (Transfer Order, Dkt. No. 11.) For the reasons discussed below, this Court will dismiss the complaint without prejudice.

**I.    The Complaint**

Plaintiff alleges the following facts against the New Jersey Defendants,[1] arising out of his arrest in the State of New Jersey. (Dkt. No. 8.) In September 2019, in North Wildwood, New Jersey, Plaintiff was arrested upon false identification and racial profiling. Plaintiff was held in Cape May County Jail. He was arraigned in New Jersey without counsel. Plaintiff attended an extradition hearing, without

---

[1] The "New Jersey Defendants" include Eric Shenkus, Megan Donnovan, Kathrin S. Weigel, Emily Buonadonna, and Cape May Courthouse.

counsel, in the Cape May County Courthouse. Plaintiff agreed to extradition to New York for parole violation hearings. The presiding judge in New Jersey advised Plaintiff of his New Jersey court date, but Plaintiff stated he would not be there unless New Jersey arranged to transfer him from Riker's Island. The judge in New Jersey warned Plaintiff that he would issue a bench warrant if Plaintiff failed to appear for his New Jersey court date.

While Plaintiff was held on Riker's Island for approximately 90 days, and despite his *pro se* request for an order to be produced for his court appearance in New Jersey, the New Jersey Court convened a grand jury without appointing Petitioner counsel, and Petitioner did not waive his right to appear. When Plaintiff was indicted in New Jersey, the presiding judge issued an illegal bench warrant for Plaintiff's arrest. Plaintiff was paroled from New York in December 2019, with an active New Jersey arrest warrant.

Plaintiff reported his New Jersey arrest warrant to his New York parole officers, and they told him not to worry about New Jersey, he could not leave New York under his conditions of parole. Plaintiff was in and out of custody in New York during the years 2020-2022. In 2022, Plaintiff alleges "Cape May Court House, New Jersey" filed an illegal Governor's warrant, alleging that Plaintiff refused extradition when New Jersey detectives were sent to New York to extradite him. For relief, Plaintiff seeks dismissal of all charges against him and damages. The New Jersey defendants named in the amended complaint are Eric Shenkus, Cape May Public Defender's Office; Megan Donnovan, Attorney, Cape May Public

Defender's Office; Kathrin S. Weigel, Attorney, Cape May Public Defender's Officer; Cape May County Assistant Prosecutor Emily Buonadonna, and Cape May Courthouse.

## II.   *SUE SPONTE* DISMISSAL

When a prisoner files a civil action and is granted *in forma pauperis* status under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity or officer or employee of a governmental entity, courts must review the complaint and *sua sponte* dismiss any claims that are:  (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(b)(1, 2).  "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *e.g.*, *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  The same legal standard applies to dismissal under § 1915(e)(2)(B).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)  (citation omitted).  Thus, ["t]o survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Allah*, 229 F.3d, at 122-23 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S. at 556  "[A] district court must accept as true all factual allegations and all reasonable inferences that arise from those allegations, viewed in the light most favorable to the plaintiff." *Id.* Recitation of the elements of a claim coupled with conclusory statements fail to state a claim. *Twombly*, 550 U.S., at 544.

## II. DISCUSSION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody…." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus provides the exclusive remedy for such claims. *Id.* at 489. This Court construes Plaintiff's request for dismissal of all New Jersey charges against him as a pretrial petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3).[2] While federal courts have pretrial habeas jurisdiction, jurisdiction should not be exercised at the pretrial stage in the absence of extraordinary circumstances. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citations omitted). The Supreme Court cautioned that the limited availability of pretrial habeas relief "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of state criminal processes." *Id.* at 445–46 (3d Cir. 1975) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973)). Plaintiff seeks intervention in the New

---

[22] 28 U.S.C. § 2241(c)(3) provides, "the writ of habeas corpus shall not extend to a prisoner unless-- … (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

Jersey state courts' criminal processes, but he has not alleged that he exhausted available state court remedies. Therefore, this Court will deny habeas relief without prejudice. After Plaintiff exhausts his state court remedies, if he is convicted, he may bring his petition for writ of habeas corpus under 28 U.S.C. § 2254.

Plaintiff also seeks money damages under 42 U.S.C. § 1983 for alleged violation of his constitutional rights by public defenders, an assistant county prosecutor, and a courthouse. A courthouse is not a person subject to liability under § 1983. *See, e.g.*, *William-Whitfield v. Commonwealth Lehigh County Prison*, No. CV 21-4544, 2022 WL 657072, at *8 (E.D. Pa. Mar. 4, 2022) (collecting cases). Furthermore, "[p]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys." *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (alteration added)). Similarly, prosecutors acting as officers of the court are entitled to absolute prosecutorial immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). Plaintiff has not alleged any facts suggesting that the public defenders or assistant county prosecutor involved in his New Jersey criminal prosecution were not acting in their capacities as attorneys or officers of the court. Therefore, all named defendants are immune from suit under § 1983. This Court will dismiss the complaint without prejudice. If Plaintiff can allege sufficient facts to state a claim

against a proper defendant, he may file an amended complaint in this Court within 30 days.[3]

### III. CONCLUSION

For the reasons stated above, the Court will dismiss without prejudice Plaintiff's request for habeas relief under 28 U.S.C. § 2241; and dismiss without prejudice Plaintiff's civil rights complaint.

An appropriate Order follows.

DATE: **December 28, 2023**       s/Renée Marie Bumb
                                  Renée Marie Bumb
                                  United States District Judge

---

[3] Plaintiff has submitted several letters to the Court. (Dkt. Nos. 16, 17.) If Plaintiff intends to amend his complaint with new allegations, he must file an amended complaint that contains all of his claims that are properly joined in this venue. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013) ("an amended pleading supersedes the original pleading" and renders it of no effect) (quoting *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1203-4 (7th Cir. 1998)).